**MANUFACTURERS SYSTEMS, INC.,**
Plaintiff-Appellant,

v.

**ADM INDUSTRIES, INC., Indiana Tool &**
**Mfg. Co., Inc., Drexell (Rex) L. Simpson**
**and AMS of Indiana, Inc., Defendants-**
**Appellees.**

No. 78–1406.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 6, 1978.

Decided Jan. 19, 1979.*

Kenneth D. Siegfried, Minneapolis, Minn., for plaintiff-appellant.

Granger Cook, Jr., Chicago, Ill., for defendants-appellees.

Before FAIRCHILD, Chief Judge, TONE and BAUER, Circuit Judges.

PER CURIAM.

The District Court found that the patent claims asserted in this action by the appellant Manufacturers Systems' patents, Claim 8 of 3,636,903 (the machine patent), Claim 22 of 28,088 (the method patent), and Claim 4 of 3,757,830 (the product patent) were invalid for obviousness under 35 U.S.C. § 103, and therefore entered judgment for the defendants in Manufacturers Systems' infringement suit. [198 U.S.P.Q. (BNA) 223 (1978).] The facts are set forth in the findings of the District Court and will not be repeated here. For the reasons stated below, we affirm the judgment.

I.

The District Court found that the Vulcan, Wogerbauer, and Lockformer machines, methods, and products and the Tishken

---

* The decision in this case was originally issued as an unpublished order on January 19, 1979. In response to a motion to publish, the court has decided to publish the introduction and Part I of the decision but not Part II.

method and product were all prior art relevant to the patents in suit. Manufacturers Systems asserts in various ways throughout the argument that none of this prior art is relevant to any of those patents, because it relates to products different from the ducts which are the subject of those patents. The introductory paragraph of each of the patents refers to a specific kind of duct: "heat duct" (machine patent), "air duct" (method patent), and "heating, cooling, and ventilating air conduit" (product patent). The Vulcan machine and method produce porch enclosure frames. The Wogerbauer machine and method produce "fold flange tubing," which is used to make doors, windows, and frames. The Lockformer machine and method produce "locks" used to connect sections of heating duct. The Tishken method produces tubing used in automobile air conditioner condensers. We agree with the District Court's conclusion that this prior art is relevant to the patents in issue here.

The problems associated with producing a rectangular duct from two continuous sheets of metal that the teaching of the patents in suit was said to overcome were not unique to rectangular duct used for heating and ventilating. Cf., e. g., Exhibits, Book 1, 34. Whatever the intended end-use, the problems would be similar, if not identical; therefore, the relevant art would include machines and methods for forming and bending metals. Cf. Graham v. John Deere Co., 383 U.S. 1, 35, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966) (container lids for liquid containers having pouring spouts relevant to similar lids for containers with pump sprayers). As the District Court found, "the Patent Office . . . cited against the machine and method patents in suit, at least four patents disclosing machines and methods for making products *other* than heat ducts." App. at 59 (emphasis in original). Indeed, the applicants "called to the attention of the Patent Office patents disclosing machines for making products other than heat ducts . . . and never characterized them as 'nonanalogous.'" Id. at 60. Finally, as to the product patent, we note that the applicants attempted to amend the claims by "restrict[ing] the invention to the heating,

cooling and ventilating fields [because] the broader form of the invention as presently covered by claim 14 [product patent claim 1] . . . would cover, in effect, any conduit capable of conveying air, irrespective of its size or configuration." Exhibits, Book 1 at 103. The Patent Office entered the proposed amendment as "to matters of form not affecting the scope of the invention." Id. at 104.

■ We do not think that any of these facts determine the scope of the pertinent art or estop Manufacturers Systems from contending that the relevant art is limited to machines and methods for producing heating or ventilating duct or that the relevant art as to the product patent is heating and ventilating duct. Nevertheless, that neither the Patent Office nor the applicants thought that the relevant art was limited to these areas at the time the patents were issued supports our conclusion that for the purposes of 35 U.S.C. § 103 the relevant art includes machines and methods for producing metal duct, whatever the intended use of the product. See Graham v. John Deere Co., supra, 383 U.S. at 35–36 & n. 18, 86 S.Ct. 684; Mandel Brothers v. Wallace, 335 U.S. 291, 294–96, 69 S.Ct. 73, 93 L.Ed. 12 (1948); Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, 88–89, 62 S.Ct. 37, 86 L.Ed. 58 (1941).

■ Manufacturers Systems vigorously asserts that the District Court erred in not requiring the defendants to meet a standard of proof higher than clear and convincing in order to establish that the Vulcan machine, method, and product were prior to the alleged inventions of the patents. This argument seems to be based on the assumptions that before the Vulcan machine can be considered as prior art for purposes of § 103, it must first be shown to be within § 102(a) or (g), and that under those provisions proof must be such as to leave no reasonable doubt. Plaintiff cites Pleatmaster, Inc. v. J. L. Golding Mfg. Co., 240 F.2d 894, 898 (7th Cir. 1957). The passage in Pleatmaster relied upon dealt with establishing a date of invention earlier than the date on which the inventor applied for a patent. The Vulcan machine, method, and product were not claimed to be inventions

but simply prior uses, so § 102(g) has no relevance. Assuming § 102(a) were involved here, *see National Rolled Thread Die Co. v. E. W. Ferry Screw Products, Inc.*, 541 F.2d 593, 596 (6th Cir. 1976), there would be no reason to differentiate between the standard of proof under that subsection and the standard under § 102(b), *id.*, which is clear and convincing evidence. *Red Cross Manufacturing Corp. v. Toro Sales Co.*, 525 F.2d 1135, 1139 (7th Cir. 1975). That is also the standard under § 103. *See, e. g., Chicago Rawhide Manufacturing Co. v. Crane Packing Co.*, 523 F.2d 452, 457–58 (7th Cir. 1975), *cert. denied*, 423 U.S. 1091, 96 S.Ct. 887, 47 L.Ed.2d 103 (1976). The evidence presented to the District Court, though primarily oral, was sufficient to meet this burden of proof, and therefore the court's findings that the Vulcan machine, method, and product were prior to the alleged invention in suit are not clearly erroneous.

[Part II not published.]

*Affirmed.*